DICKINSON, PRESIDING JUSTICE,
DISSENTING TO THE DENIAL OF THE MOTION FOR REHEARING:
¶ 35. I dissent from the denial of rehearing. When this Court handed down its original majority opinion,[7]1 joined Justice Kitchens’s well-reasoned dissent. While I continue to join Justice Kitchens, upon further reflection I now take this opportunity to record my separate disagreement with the majority’s misapplication of the United States Supreme Court’s decision in Bullcoming v. New Mexico,[8] the controlling law on the issue before us today.
¶ 36. In Bullcoming — a case identical in every material respect to the ease before us today — the State of New Mexico prosecuted Bullcoming for driving while intoxicated.[9] The principal evidence against Bullcoming was a forensic laboratory report certifying that his blood-alcohol concentration exceeded the percentage necessary for conviction.[10]
¶ 37. At trial, instead of calling Curtis Caylor, the lab analyst, who performed the tests on Bullcoming’s blood, the prosecution called another analyst named Razatos, who was familiar with the testing performed by the lab, and who “qualified as an expert witness with respect to the gas chromatograph machine” used to test Bull-coming’s blood.[11] Also, “Razatos provided live, in-court testimony and, thus, was available for cross-examination regarding the operation of the ... machine, the results of [Bullcoming’s] BAC test, and the SLD’s established laboratory procedures.”[12]
¶ 38. Against this background, the Bullcoming majority reversed Bullcom-ing’s conviction, holding that out-of-court, *1086 testimonial statements “may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had an opportunity to confront that witness.”[13] The Bullcoming majority went on to point out that, even though Caylor’s report and Razatos’s surrogate testimony might be deemed reliable, that “does not dispense with the Confrontation Clause,” because the Confrontation Clause “ ‘commands not that the evidence be reliable, but that reliability be assessed in a particular manner: by testing [the evidence] in the crucible of cross-examination.’ ”[14] These observations led the Bullcoming majority to hold:
Accordingly, the analysts who write reports that the prosecution introduces must be made available for confrontation even if they possess “the scientific acumen of Mme. Curie and the veracity of Mother Teresa.”[15]
¶ 89. In further explanation of why the Confrontation Clause entitled Bullcoming to cross-examine the analyst who actually performed the tests, the Court stated that
surrogate testimony of the kind Razatos was equipped to give could not convey what Caylor knew or observed about the events his certification concerned, ie., the particular test and testing process he employed. Nor could such surrogate testimony expose any lapses or lies on the certifying analysts part.... With Caylor on the stand, Bullcoming’s counsel could have asked questions designed to reveal whether incompetence, evasiveness, or dishonesty accounted for Cay-lor’s removal from his work station.[16]
¶40. In further explanation of why Bullcoming had a constitutional right to confront Caylor, the analyst who actually received the blood and performed the tests, the Court stated:
Caylor [the analyst who didn’t testify] certified that he received Bullcoming’s blood sample intact with the seal unbroken, that he checked to make sure that the forensic report number and the sample number “corresponded,” and that he performed on Bullcoming’s sample a particular test, adhering to a precise protocol. He further represented, by leaving the “remarks” section of the report blank, that no “circumstances or condition affected the integrity of the sample of the validity of the analysis.” These representations, relating to past events and human actions not revealed in raw, machine-produced data, are meet for cross-examination.[17]
¶ 41. In today’s case, Frazure — the certifying analyst — provided none of the above-mentioned “material” for cross-examination. Although the majority places great weight on Frazure’s signature, Bull-coming nowhere says, and does not hold, that confrontation required only a scrivener’s signature. In fact, it suggested the opposite. The majority, however, accepts the scrivener’s signature and misrepresents that Bullcoming allows the same.
¶ 42. Additionally, the fact that the following quoted language from the Bullcom-ing majority is not found in this Court’s majority demonstrates why I feel compelled to respond to today’s majority opinion which purports to be (but certainly is *1087 not) grounded in and supported by Bull-coming. According to the United States Supreme Court’s majority opinion in Bull-coming, the Confrontation Clause
does not tolerate dispensing with confrontation simply because the court believes that questioning one witness about another’s testimonial statements provides a fair enough opportunity for cross-examination.... In short, when the State elected to introduce Caylor’s certification, Caylor became a witness Bullcoming had the right to confront. Our precedent cannot sensibly be read any other way.[18]
¶43. As a final point, the majority’s rebanee on McGowen v. State[19] is completely misplaced, since that case was decided by this Court before the United States Supreme Court handed down three landmark Confrontation Clause cases: Crawford,[20] Melendez-Diaz,[21] and Bullcoming[22]
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. Grim v. State, No. 2008-CT-01920-SCT, 2012 WL 4945744, 102 So.3d 1073 (Miss. Oct. 18, 2012).

. Bullcoming v. New Mexico, — U.S. —, 131 S.Ct. 2705, 2714, 180 L.Ed.2d 610 (2011).

. Id. at 2709.

. Id.

. Id.

. Id. at 2713.

. Id.

. Id. at 2715 (quoting Crawford v. Washington, 541 U.S. 36, 62, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).

. Bullcoming, 131 S.Ct. at 2715 (quoting Melendez-Diaz v. Massachusetts, 557 U.S. 305, 319, 129 S.Ct. 2527, 174 L.Ed.2d 314 n. 6 (2009)).

. Bullcoming, 131 S.Ct. at 2715.

. Id. at 2714 (emphasis added) (citations omitted).

. Id. at 2716.

. McGowen v. State, 859 So.2d 320 (Miss.2003).

. Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).

. Bullcoming v. New Mexico, — U.S. —, 131 S.Ct. 2705, 2714, 180 L.Ed.2d 610 (2011).